The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTHUR POLKEY, | Case No. C09-0447-JCC |
| Plaintiff, | |
| v. | ORDER OF REMAND |
| WASTE MANAGEMENT OF WASHINGTON, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Motion to Remand (Dkt No. 5), Defendant's Response (Dkt. No. 10), and Plaintiff's Reply (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion and remands the case to King County Superior Court for the reasons explained herein.

I. **BACKGROUND**

In his complaint, Plaintiff states that he began working as a mechanic for Defendant in June 1996. (Compl. ¶ 4.4 (Dkt. No. 3 at 11).) He claims to have been actively involved in protected union activity for the last five years of his employment. (*Id.* ¶ 4.4.) On October 27, 2006, Plaintiff suffered an injury to his arm. (*Id.* ¶ 4.2.) Defendant claimed that the injury was the result of Plaintiff's own reckless conduct in improperly securing the arms of a truck and

ORDER
PAGE - 1

terminated Plaintiff, allegedly on the grounds that his conduct violated the collective bargaining agreement ("CBA") between Defendant and the General Teamsters Local Union No. 174 ("Teamsters"). (Termination Letter (Dkt. No. 11 at 46).) Two days after the termination, Teamsters filed a grievance report stating that Plaintiff had been wrongfully discharged "without just cause." (Grievance Filing (Dkt. No. 11 at 48).) Plaintiff appears to have withdrawn from that process before obtaining a final determination. (Reply 2 (Dkt. No. 12).)

On February 26, 2009, Plaintiff filed the instant complaint in King County Superior Court. (Compl. 6 (Dkt. No. 3 at 14).) Plaintiff claims to have been wrongfully terminated for his union activity in violation of Washington State public policy. (*Id.* ¶ 1.) He also claims that his termination constituted impermissible discrimination based on physical disability in violation of Washington's antidiscrimination laws. (*Id.*)

On April 3, 2009, Defendant removed to federal court. (Notice of Removal (Dkt. No. 1).) Defendant invokes federal question jurisdiction, claiming that this complaint raises causes of action preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (*Id.* ¶ 3.)

Plaintiff now moves to remand the case back to state court, arguing that "[t]he Complaint in this matter asserts no federal claims" and instead relies solely on Washington law. (Mot. 3–7 (Dkt. No. 5).) Plaintiff also requests "just costs and actual expenses" incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). (Mot. 8 (Dkt. No. 5).)

**II. DISCUSSION**

In civil actions, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint." *Abada v. Charles Schwab & Co.*, Inc., 300 F.3d 1112, 1118 (9th Cir. 2002) (*quoting Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987)). As "master of the complaint," Plaintiff "may avoid

federal jurisdiction by exclusive reliance on state law." *Id.* (internal quotation omitted). However, "[u]nder the artful pleading doctrine, a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (internal quotation omitted). Furthermore, a cause of action raises a federal issue where a statute "so completely preempt[s] state law that it occupies the entire field, barring assertion of any state law claims." *Abada*, 300 F.3d at 1118–19. However, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). Defendant always bears the burden of overcoming the presumption against removal jurisdiction. *Id.*

Defendant reads Plaintiff's complaint to allege causes of action that are preempted by LMRA § 301. (Resp. 2 (Dkt. No. 10).) "Section 301 [of the LMRA] governs claims founded *directly* on rights created by collective-bargaining agreements, and also claims *substantially dependent* on analysis of a collective-bargaining agreement." *Caterpillar*, 482 U.S. at 394 (emphasis added) (internal quotation omitted). Defendant argues that language within the complaint raises several claims preempted by the LMRA, including wrongful termination in violation of the CBA, *see Int'l Bhd. Of Elec. Workers v. Hechler*, 481 U.S. 581, 857 (1987) ("The ordinary § 301 case is a contract claim in which a party to the [CBA] expressly asserts that a provision of the agreement has been violated."); negligence, *see Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 999 (9th Cir. 2007) ("State law negligence claims are preempted if the duty relied on is 'created by a [CBA] and without existence independent of that agreement.'") (*quoting United States v. Rawson*, 495 U.S. 362, 369 (1990))); and emotional distress, *see Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir. 1989) (noting that emotional distress claims are preempted when the "resolution of the claims is inextricably intertwined with the interpretation of the CBA" (internal quotation omitted)).

Plaintiff argues that Defendant overreads the complaint, which does not raise any of the claims that Defendant suggests. (Reply 1 (Dkt. No. 12).) Plaintiff asserts that the complaint's reference to termination "without good cause" (Compl. ¶ 4.5 (Dkt. No. 3 at 11)) relates to the employer's burden of production after a prima facie case of discrimination is established (Mot. 6–7 (Dkt. No. 5)). Plaintiff also denies that his complaint alleges claims of negligence or infliction of emotional distress. (*Id.* at 5). Instead, he claims that his reference to emotional distress "[a]s a direct and proximate cause of defendant's unlawful, negligent, willful, knowing, and intentional conduct" (Compl. ¶ 4.10 (Dkt. No. 3 at 12)) relates to recovery for emotional distress and anguish based on his discrimination claim (Reply 5–6 (Dkt. No. 12)). Plaintiff states that he "bases his claims exclusively on substantive, non-negotiable rights secured to him under [Washington Revised Code] 49.60 (disability discrimination/retaliation) and . . . 49.32.020 (prohibiting union activity discrimination/retaliation)." (Mot. 4 (Dkt. No. 5).) Accordingly, Plaintiff argues that the case does not require any interpretation of the CBA. (*Id.* at 7.)

The Court finds that the complaint is ambiguous, lending plausibility to both parties' interpretations. Reading the complaint broadly, language in the complaint referring to termination without good cause, negligence, and emotional distress could be understood as raising separate causes of action. On the other hand, these phrases could just as easily be found simply to be explanatory or redundant, and thereby not affecting the scope of Plaintiff's actual claims.

Faced with such ambiguity, the Court must defer to Plaintiff's interpretation. *See Lippett*, 340 F.3d at 1040 (deferring to Plaintiff's interpretation of a complaint that was "the opposite of a model of clarity" because the complaint "c[ould] be read in the way [Plaintiff] assert[ed]"); *E. States Health & Welfare Fund v. Philip Morris, Inc.*, 11 F. Supp. 2d 384, 393 (S.D.N.Y. 1998) ("[T]he principle that the plaintiff is master of the complaint also counsels in favor of construction in accordance with the representations of the plaintiffs."). The deference

to Plaintiff's interpretation is particularly crucial given the presumption against removal. As this Court has noted, "Federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." *Shelley's Total Body Works v. City of Auburn*, No. C07-0126-MJP, 2007 WL 765205, at *2 (W.D. Wash. Mar. 9, 2007); *see also Hardin v. Morgan Bldgs. & Spas, Inc.*, No. SA-07-CA-388, 2007 WL 2021775, at *2 (W.D. Tex. June 26, 2007) ("Because . . . ambiguities with respect to removal should be construed in favor of remand, the unclear phrasing of plaintiff's statement weighs in favor of remanding this case to state court." (internal quotation omitted)) .

> As master of the complaint, which is ambiguous as to whether he is seeking relief under state or federal law, [plaintiff's] motion to remand clearly demonstrates his desire to rely exclusively on rights conferred by state law. Therefore, [federal labor laws] cannot be the basis for a removal.

*Atanasio v. Bhd. of Locomotive Eng'rs & Trainmen*, 424 F. Supp. 2d 476, 485 (E.D.N.Y. 2006).

Defendant's reference to the artful pleading doctrine (Resp. 7 (Dkt. No. 10)) is inapplicable in the instant case, where "the Plaintiff has a choice between state and federal remedies [ ] and . . . merely ignored the federal cause of action." *Gardon v. City of El Paso*, No. EP-03-CA-110, 2003 WL 21961178, at *3 (W.D. Tex. July, 17, 2003) (internal quotation omitted); *see also Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987) ("The artful pleading doctrine is a narrow exception to the straightforward rules of removal jurisdiction, which we will apply only if the particular conduct complained of [is] governed exclusively by federal law." (emphasis added) (internal quotation omitted)). In both his complaint and in subsequent papers, Plaintiff has indicated that his causes of action solely concern rights guaranteed under Washington state law that are independent from the CBA. (Compl. ¶ 1 (Dkt. No. 3 at 9); Mot. 7–8 (Dkt. No. 5).) Given Plaintiff's choice to forego his

ORDER
PAGE - 5

federal claims, this Court lacks jurisdiction and therefore GRANTS Plaintiff's motion to remand the case to state court.

However, the Court finds that Plaintiff is not entitled to fees and expenses under 28 U.S.C. § 1447(c). (Mot. 8 (Dkt. No. 5).) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court has already explained that Defendant's reading of the complaint was plausible given the ambiguity introduced by Plaintiff's poor drafting. Because Defendant had an objectively reasonable basis for seeking removal, Plaintiff's motion for fees and expenses must be DENIED.

### III. CONCLUSION

For the foregoing reasons, the Court hereby REMANDS this case to King County Superior Court for all further proceedings. The Clerk is directed to close the case and to mail a certified copy of this Order of remand to the Clerk of the state court pursuant to 28 U.S.C. § 1447(c). Plaintiff's motion for fees and expenses is DENIED.

DATED this 6th day of July, 2009.

_____
John C. Coughenour
United States District Judge